In re INVESTIGATION OF POLK
COUNTY VOTING FRAUD AND
ELECTION LAW VIOLATION.

Supreme Court of Tennessee.

Nov. 20, 1978.

James Logan, Jr., Cleveland, for petitioner; Finnell, Thompson, Logan & Rogers, Cleveland, of counsel.

Jack E. Seaman, Asst. Atty. Gen., Nashville, Richard A. Fisher, Dist. Atty. Gen., Cleveland, for respondent; Brooks McLemore, Jr., Atty. Gen., Nashville, of counsel.

## OPINION

BROCK, Justice.

We granted the writs of common law certiorari and supersedeas to review an order of the circuit judge for Polk County, made pursuant to a motion of the District Attorney General, that the petitioner, Charles A. Maynor, a notary public of Polk County, Tennessee,

". . . appear at his office in the Polk County courthouse, Benton, Tennessee, on the 2nd day of June, 1978, at 10:00 a. m. and in the presence and under the supervision of agent Joe Helton of the Tennessee Bureau of Criminal Identification give handwriting exemplars as follows:

(1) Charles A. Maynor (twenty each in script),

(2) Charles Maynor (twenty each in script),

(3) C. Maynor (twenty each in script),

(4) N. P. (twenty each in script and print),

(5) Polk (twenty each in script and print),

(6) Tenn (twenty each in script and print),

(7) March (twenty each in script and print),

(8) 78 (twenty each),

(9) Numerals 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 (twenty each).

"Willful failure to so appear and so provide handwriting exemplars as above or-

dered shall constitute violation of this order and contempt of court."

The motion of the District Attorney General pursuant to which said order issued was as follows:

"Comes now the State of Tennessee, by and through the District Attorney General for the 24th Judicial Circuit, and moves the court for an order directing Charles A. Maynor, a public official and commissioned notary public of the State of Tennessee, whose alleged signature appears on certain official election materials to furnish the State of Tennessee with sufficient handwriting examples made by the said Charles A. Maynor of numbers and the English language, including but not limited to dictated writings and printing, in such quantities as are sufficient for expert analysis by the Federal Bureau of Investigation laboratory."

The procedure employed and the result reached in the Circuit Court for Polk County is challenged by the petitioner as being unauthorized by any statutory or decisional law of this State. We agree.

When the order in question was made, no legal proceeding of any kind was pending against petitioner Maynor. It appears from the record that the District Attorney General, assisted by certain agents of the Tennessee Bureau of Identification, was engaged in an investigation of irregularities alleged to have occurred in the constitutional referendum conducted on March 7, 1978, and that the District Attorney General desired to obtain handwriting exemplars of the petitioner in order to compare them with handwriting, which appeared to be that of the petitioner, upon certain documents in connection with absentee ballots used in said election.

Long ago, in *Warner v. State*, 81 Tenn. 52 (1884), this Court condemned the practice of District Attorneys General in causing subpoenas to be issued in the absence of specific requests of the grand jury, even though the witness was directed to appear before the grand jury. What the Court said in that case is relevant here:

"[B]y what authority does an attorney-general assume to perform the functions and exclusive duties of the grand jury? The mere fact that he is an officer of the court and may visit the grand jury, prepare and present indictments to them, and prepare presentments when directed by the grand jury, does not imply an authority to assume any of the duties assigned by law to a grand juror. If he may assume the office of grand juror for one purpose, why may he not do so for every purpose? If because he suspects a violation of law, he may of himself and of his own motion order a subpoena for witnesses to go before the grand jury to give evidence touching the same, why may not the sheriff or constable who waits upon the grand jury do so? Why may not the judge himself or any attorney for the court assume and practice the power? "It requires a judge, attorney-general, attorneys, clerks, sheriffs, etc., to constitute a court, and each is an officer of the court, so if we construe the law directed to grand juries to include one officer of the court, we must for the same reason construe it to embrace all officers of that court." *Warner v. State*, 81 Tenn. at 54–55.

The authority of the district attorney general and of the circuit court, in the respects herein material, have not been increased since the decision in the *Warner* case. The only authority for the district attorney general to cause the issuance of subpoenas is found in T.C.A., § 40–1619, which provides:

"The district attorneys may call upon the clerks of their various courts for process, between the terms of their respective courts, to secure the attendance of witnesses before the grand juries on the first day of the succeeding term, whenever, in their opinion, it is necessary to secure the ends of justice and protect the interests of the state."

■ This provision merely authorizes the district attorney general to cause witnesses to be subpoenaed for appearance before the grand jury, but not before him, if it is

deemed necessary and if the grand jury is not then in session. If the grand jury is in session, that body, not the district attorney general, has the sole authority to cause the issuance of subpoenas for witnesses in criminal matters. T.C.A., § 40–1617, 40–1618.

In *Graves v. State,* Tenn.Cr.App., 489 S.W.2d 74 (1972), the Court of Criminal Appeals cited and relied upon *Warner v. State, supra,* as authority for its conclusion that "general information subpoenas" issued by the District Attorney General for Shelby County requiring witnesses to appear at his office "to confer with an assistant district attorney general" were invalid. Said the court:

> "No authority exists for the District Attorney Generals of this State to cause the issuance of subpoenas to secure the attendance of witnesses before him or any representative of his office. The power to send for witnesses for the purpose of investigating suspected crime is by statute conferred upon the grand jury alone."
> *Graves v. State,* 489 S.W.2d at 79–80.

This Court denied certiorari in the *Graves* case.

We note that, for reasons best known to him, the District Attorney General has failed to utilize the provisions of T.C.A., § 38–502, which purport to grant authority to agents of the Tennessee Bureau of Identification as follows:

> "When detailed by the commissioner to aid the district attorney general as aforesaid, such field investigators shall have full power to issue subpoenas for witnesses, serve the same, to administer oath to such witnesses as they may summon, to take written statements from them and when so detailed shall have the same powers with reference to the execution of criminal process, making arrests, and the like, as does the sheriff of the county in which such investigators are at work."

This statutory provision was not merely overlooked by the District Attorney General in this case. In the course of his argument seeking the order here under review, Assistant District Attorney General Deacon stated:

> "We are following the most reasonable procedure that I can think of. It is a lot more reasonable than in the compulsion which could possibly be provided by a T.B.I. subpoena or through a grand jury subpoena."

 We conclude that the procedure employed by the District Attorney General and the Circuit Court in this case was not authorized by any statutory provision or decision of this Court and, hence, that the order of the Circuit Court purporting to require the petitioner to give the handwriting exemplars as above mentioned is of no force and effect.

The subject order of the Circuit Court for Polk County is hereby reversed and the motion of the District Attorney General seeking handwriting exemplars from the petitioner is denied. Costs of this cause are adjudged against the State of Tennessee.

HENRY, C. J., and FONES, COOPER and HARBISON, JJ., concur.